IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARIANA MORENO and MARISA WELLINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING, <br><br> Defendants. | Case No. 3:21-cv-00103-JMK <br><br> **ORDER RE: PENDING DISCOVERY MOTIONS** |

Pending before this Court are (1) Defendant's Motion for Discovery Sanctions at Docket 33; (2) Defendant's Motion for an Order to Show Cause at Docket 36; (3) Plaintiffs' Motion for Extension of Time to Complete Discovery at Docket 37; and (4) Plaintiffs Motion for Oral Argument on Defendant's Motion for Discovery Sanctions at Docket 39.

## I. BACKGROUND

Discovery in this case has been sluggish. The parties filed serial motions to extend various discovery deadlines for over a year.[1] It became clear to the Court that Plaintiffs' counsel was the bottleneck when, on April 19, 2023, Defendant filed a Motion

---

[1] *See* Docket 16; Docket 18; Docket 20; Docket 22; Docket 24.

Compel, arguing that Plaintiffs' responses to Defendant's discovery requests were nearly a year overdue.[2] Plaintiffs did not oppose the Motion to Compel. On May 10, 2023, the Court granted the Motion to Compel, ordering that (1) Plaintiffs' objections to the Interrogatories and Requests for Production served on May 10, 2022, were waived; and (2) Plaintiffs must answer Defendant's Interrogatories and produce all documents responsive to Defendant's Requests for Production within twenty-one (21) days of the Court's Order.[3] On May 24, 2023, Defendant moved for an award of the expenses incurred in bringing its Motion to Compel.[4] Defendant also claimed that Plaintiffs' Interrogatory responses violated the Court's May 10, 2023, Order because their responses were incomplete and contained objections that were deemed waived by the Court.[5] Defendant requested that the Court dismiss the present action as a sanction for Plaintiffs' noncompliance.[6] Plaintiffs responded in opposition, acknowledging that the discovery responses at issue were not timely filed due to counsel's family health issues and claiming that counsel failed to oppose the Motion to Compel due to an issue with his PACER account.[7] On June 16, 2023, Defendant moved for an Order to Show Cause as to why this action should not be dismissed with prejudice as a case-terminating sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).[8] Defendant alternatively requests a sixty-day extension of the June 16, 2023, fact discovery deadline to allow Plaintiffs additional

---

[2] Docket 28.
[3] Docket 30 at 3.
[4] Docket 33.
[5] *Id.* at 2.
[6] *Id.*
[7] Docket 34 at 3–5.
[8] Docket 36 at 1.

*Moreno et al v. NewRez, LLC*  Case No. 3:21-cv-00103-JMK
Order Re: Pending Discovery Motions  Page 2
Case 3:21-cv-00103-JMK   Document 41   Filed 06/29/23   Page 2 of 11

time to comply with the Court's May 10, 2023 Order.⁹ Plaintiffs opposed the motion, arguing that Defendant has not suffered any actual prejudice due to the discovery delay and the mutual requests for an extension of the discovery deadline moots Defendant's Motion for Sanctions.¹⁰ Plaintiffs then filed a separate motion requesting a sixty-day extension of the discovery deadline due to Plaintiffs' health issues.¹¹ Plaintiffs also moved for oral argument on Defendant's Motion for Discovery Sanctions.¹²

## II. DISCUSSION

### A. Monetary Sanctions

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the Court must not order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."¹³ "The party contesting the discovery sanction under Rule 37 bears the burden of establishing substantial justification or that other circumstances make an award of expenses unjust."¹⁴ The Ninth Circuit has

---

⁹ *Id.* at 1–2.
¹⁰ Docket 40 at 2.
¹¹ Docket 37 at 1–2.
¹² Docket 39.
¹³ Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).
¹⁴ *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 4972626, at *3 (C.D. Cal. July 19, 2021).

*Moreno et al v. NewRez, LLC*　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00103-JMK
Order Re: Pending Discovery Motions　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 3:21-cv-00103-JMK　　Document 41　　Filed 06/29/23　　Page 3 of 11

held that Rule 37's "opportunity to be heard" requirement can be satisfied by the opportunity to submit briefs.[15] Plaintiffs responded to both of Defendant's sanctions-related motions.[16] In an effort to streamline this discovery dispute and to avoid stalling discovery further, the Court will decide Defendant's motions for sanctions on the papers. Plaintiffs motion for oral argument on Defendant's Motion for Discovery Sanctions at Docket 39 therefore is DENIED.

The Court finds that an award of monetary sanctions is proper here. The Court granted Defendant's Motion to Compel and none of the circumstances that allow a disobedient party to avoid monetary sanctions are present.[17] Defendant filed its Motion to Compel after engaging in extensive efforts to resolve the discovery dispute without Court action.[18] Further, Plaintiffs' nondisclosure was not substantially justified and there are no other circumstances that make an award of expenses unjust. A failure to disclose is substantially justified if "there is a 'genuine dispute' . . . or 'if reasonable people could differ as to the appropriateness of the contested action.'"[19] While the Court is sympathetic to Plaintiffs' counsel's family health issues and subsequent work backlog, case

---

[15] *Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1165 (9th Cir. 2003); *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 4974049, at *7 (C.D. Cal. Aug. 19, 2021).

[16] Docket 34; Docket 40.

[17] Docket 30.

[18] *Id.* at 2 (noting that "Defendant has conferred with Plaintiffs numerous times, agreeing to multiple extensions and, despite Plaintiffs' counsel promising on numerous occasions to send the discovery responses to Defendant in the 'next few days' or within the week, the discovery responses remain outstanding").

[19] *Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, No. CV-20-00779-PHX-ROS, 2022 WL 3597106, at *1 (D. Ariz. June 17, 2022) (quoting *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 4972626, at *3 (C.D. Cal. July 19, 2021)).

management challenges do not constitute substantial justification for discovery violations.[20] Reasonable people could not disagree as to the propriety of failing to respond to basic discovery requests for almost a year. This case has been pending for over two years and discovery has barely gotten off the ground. Plaintiffs should not have been surprised that they had to comply with their discovery obligations in a timely manner and that, after numerous broken promises, their conduct would result in a discovery motion.

Defendant requests that monetary sanctions be levied against both Plaintiffs and Plaintiffs' counsel.[21] "The Court has discretion to impose fees against the party whose conduct necessitated the motion to compel . . . '[i]f the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged.'"[22] Counsel for Plaintiffs represented that the failure to timely respond to Defendant's discovery requests was "due to counsel and not his clients, [such] that any consequences be directed at counsel."[23] The Court therefore finds that Plaintiffs' counsel is responsible for the discovery violations and monetary sanctions will be levied against Plaintiffs' counsel, not Plaintiffs.

---

[20] *Net-Com Servs., Inc. v. Eupen Cable USA, Inc.*, No. CV11-2553 RSWL (SSx), 2012 WL 12888328, at *2 (C.D. Cal. June 19, 2012) ("While the Court appreciates the special challenges facing small law practices, Plaintiff's apparent unwillingness or inability to manage its schedule or hire contract help to assist with its discovery obligations does not qualify as "substantial justification" for discovery violations or for opposing Defendant's Motion.").
[21] Docket 33 at 2.
[22] *Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, No. CV-20-00779-PHX-ROS, 2022 WL 3597106, at *4 (D. Ariz. June 17, 2022).
[23] Docket 34 at 1.

Defendant represents that $3,344 represents the reasonable expenses and attorneys' fees incurred in bringing its Motion to Compel.[24] Although the Court finds that an award of Defendant's reasonable fees in bringing its Motion to Compel is warranted here, it cannot sign off on Defendant's requested sanction of $3,344 without any basis for assessing whether such an award is reasonable.[25] "The party requesting fees bears the burden of documenting the hours expended and providing evidence in support of those hours worked."[26] Defendant did not support its request for an award of fees with any information to aid the Court in ascertaining what expenses and fees comprise the $3,344 figure and whether the included attorney's fees are reasonable. For example, Defendant did not submit a bill detailing the hours spent on the Motion to Compel or an affidavit detailing Defendant's attorneys' hourly rates and experience. "District courts must calculate awards for attorneys' fees using the 'lodestar' method."[27] The lodestar method is calculated by "multiplying the number of hours the prevailing part reasonably expended on the litigation by a reasonable hourly rate."[28] In determining a reasonable hourly rate, the Court looks to the "prevailing hourly rate in that community for similar services by

---

[24] Docket 33 at 1.
[25] See *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) ("[a]lthough the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary"); see also *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 4974049, at *10 (C.D. Cal. Aug. 19, 2021) (conducting an independent review of appropriateness of lodestar calculation).
[26] *Shaw v. Ultimate Franchises*, No. 818-02273-JLS-(ADSx), 2020 WL 5539963, at *2 (C.D. Cal. Aug. 25, 2020).
[27] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).
[28] *Id.*

*Moreno et al v. NewRez, LLC*  Case No. 3:21-cv-00103-JMK
Order Re: Pending Discovery Motions  Page 6
Case 3:21-cv-00103-JMK   Document 41   Filed 06/29/23   Page 6 of 11

lawyers of reasonably comparable skill, experience and reputation."[29] A party seeking attorneys' fees must provide "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community[.]"[30] Further, "in addition to establishing a reasonable hourly rate, a prevailing party in a discovery dispute seeking attorneys' fees "bears the burden of proving that the fees and costs taxed are . . . reasonably necessary to achieve the result obtained."[31]

In sum, the Court finds that an award of fees and costs Defendant incurred in bringing its Motion to Compel is warranted here, but requires additional information to assess the reasonableness of those expenses. Defendant's Motion for Discovery Sanctions at Docket 33 is GRANTED IN PART. Within ten (10) days of this Order, Defendant is required to submit an affidavit providing an accounting of the expenses and attorney's fees included in the $3,344 figure, the hourly rates of the attorneys who worked on the Motion to Compel, the number of attorney hours that went into the Motion to Compel, as well as any supporting documentation, such as client bills. Plaintiffs have seven (7) days from the date of Defendant's filing to contest the reasonableness of Plaintiffs' requested award of expenses.

---

[29] *Id.*
[30] *Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 218-cv-9768F-MOK (Sx), 2019 WL 7166067, at *3 (C.D. Cal. Nov. 8, 2019).
[31] *Id.* (quoting *Rucker v. Air Ventures, Hawaii, LLC*, No. 16-cv-492-HG (KSC), 2017 WL 4158201, at *3 (D. Haw. Sept. 19, 2017)).

*Moreno et al v. NewRez, LLC*  Case No. 3:21-cv-00103-JMK
Order Re: Pending Discovery Motions  Page 7
Case 3:21-cv-00103-JMK   Document 41   Filed 06/29/23   Page 7 of 11

### B. Terminating Sanctions

Defendant also seeks case-terminating sanctions because Plaintiffs failed to comply with the Court's May 10, 2023, order compelling Plaintiffs' discovery responses. Defendant claims Plaintiffs produced "undated, incomplete interrogatory responses full of impermissible objections, which were unsigned by counsel."[32] In response to Defendant's Requests for Production, Plaintiffs produced two documents and, after Defendant followed up, produced twenty-six additional documents.[33] The documents were not organized or labeled and Plaintiffs' counsel did not specify whether the production was complete.[34] Defendant argues that Plaintiffs' persistent failure to meaningfully participate in discovery warrants dismissing Plaintiffs' claims with prejudice. Defendant requests that this Court issue an Order to Show Cause why Plaintiffs' claims should not be dismissed with prejudice.[35] In the alternative, Defendant seeks a sixty-day extension of the deadline for the close of fact discovery.[36] Plaintiffs have also requested a sixty-day extension of the deadline for fact discovery as well as a hearing on Defendant's Motion for Sanctions.[37]

Federal Rule of Civil Procedure 37(b)(2)(v) provides that when a party fails to obey a Court order to provide discovery the Court may dismiss the action in whole or in part. Terminating sanctions are "very severe" and must be accompanied by a showing of

---

[32] Docket 33 at 6.
[33] Docket 36 at 3.
[34] *Id.*
[35] *Id.* at 1–2.
[36] *Id.*
[37] Docket 37.

*Moreno et al v. NewRez, LLC*　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00103-JMK
Order Re: Pending Discovery Motions　　　　　　　　　　　　　　　　　　　　　　Page 8
Case 3:21-cv-00103-JMK　　Document 41　　Filed 06/29/23　　Page 8 of 11

willfulness, bad faith, or fault on the part of the disobedient party.[38]  In deciding whether terminating sanctions are appropriate Courts weighs five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[39]

The first and second factors favor dismissal.  Plaintiffs' failure to comply with their discovery deadlines has significantly delayed the resolution of this case and has mired the Court's docket in the current discovery dispute.  The third factor also weighs in favor of dismissal.  Due to Plaintiffs' continuing failure to comply fully and completely with their discovery obligations, Defendant is barely closer to understanding the basis for Plaintiffs' claims as it was when this case was filed.  The fourth and fifth factors weigh against dismissal and, in this case, they carry the day.  The most critical consideration in determining whether to order dismissal for a discovery violation is whether "a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts" due to continuing deceptive conduct by the disobedient party.[40]  Here, the Court is not so fatalistic.  Although Plaintiffs' discovery conduct has impeded the resolution of this case, it has not eliminated the possibility that the true facts

---

[38] *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

[39] *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).  The fifth factor contains three sub-parts:  "(1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal." *Id.* at 960 (quoting *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995)).

[40] *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097.

of the case will be revealed. Finally, Plaintiffs have not been previously warned about the possibility of case-terminating sanctions.

Plaintiffs are required to serve complete, signed, and dated answers to Defendant's Interrogatories no later than fourteen (14) days from the date of this Order. Pursuant to the Court's May 10, 2023 Order, Plaintiffs' answers to Defendant's Interrogatories are waived; therefore, Plaintiffs' responses shall not include any objections. Further, for each document produced to Defendant in response to Defendant's Requests for Production, Plaintiffs are required to specify the Request for Production to which the document is responsive. Plaintiffs are also required to certify to Defendant whether their production is complete or produce additional responsive documents no later than fourteen (14) days from the date of this Order. The deadline for the completion of fact discovery is now sixty (60) days from the date of this Order. Given the numerous extensions previously granted in this case, absent compelling circumstances, the Court will be reluctant to extend this deadline further.

Although Plaintiffs have not previously been warned of the possibility of a terminating sanctions, let this Order serve as a warning. Failure to fully comply with the Court's discovery Orders as well as discovery obligations under the Federal Rules of Civil Procedure may result in wholesale dismissal of this action.

### III. CONCLUSION

1. Defendant's Motion for Discovery Sanctions at Docket 33 is GRANTED IN PART. Defendant is ordered to submit an accounting of expenses incurred in filing its Motion to Compel within ten (10) days of this Order. Plaintiffs shall have

seven (7) days from Defendant's filing to contest the reasonableness of Plaintiffs' requested award of expenses.

2. Defendant's Motion for Order to Show Cause at Docket 36 is GRANTED IN PART to the extent that the Court will extend the deadline for the completion of fact discovery. Plaintiffs' Motion for Extension of Time to Complete Discovery at Docket 37 is GRANTED. The deadline for the completion of fact discovery is now sixty (60) days from the date of this Order.

3. Plaintiffs' Motion for a Hearing on Defendant's Motion for Discovery Sanctions at Docket 39 is DENIED.

IT IS SO ORDERED this 29th day of June, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge