IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARIANA MORENO and MARISA WELLINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>    Defendants. | Case No. 3:21-cv-00103-JMK<br><br>**ORDER RE: ATTORNEY'S FEES** |

## I.   BACKGROUND

At Docket 41, the Court granted Defendant's Motion for Discovery Sanctions. The Court ordered Defendant to submit an accounting of expenses incurred in filing its Motion to Compel within ten days of the Court's Order.[1] The Court provided that Plaintiffs shall have seven days from Defendant's filing to contest the reasonableness of Plaintiffs' requested award of expenses.[2] At Docket 42, Defendant submitted the Declaration of Jessica Brown, which details that Defendant is seeking $3,300 in attorney's fees, representing 11.10 attorney hours for two firm partners and a first-year associate.[3] Each attorney billed their client at a blended rate of $300 per hour.[4] An attorney timesheet

---

[1] Docket 41 at 10–11.
[2] *Id.* at 11.
[3] Docket 42 at 3–4.
[4] *Id.* at 4.

was attached to the Declaration.[5]  Plaintiffs filed an unsigned response to Defendant's Declaration.[6]  Plaintiffs' counsel indicated that he "will not dispute the time incurred for the stated tasks or hourly rate charged."[7]  Plaintiffs counsel went on to make an "observation" about the merits of the Motion to Compel which is really a disguised opposition to that motion.[8]  The time to oppose Defendant's Motion to Compel has long since passed.

## II. DISCUSSION

"When determining a reasonable fee award, the court must start by calculating the lodestar amount, which is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"[9]  The party requesting an award of fees bears the burden of "producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[10]  Defendants submitted a Declaration indicating that $300 an hour was a reasonable hourly rate in Alaska for attorneys of similar experience.[11]  "In recent years, federal and state courts in Alaska have found rates ranging from $275 to $400 per hour to be reasonable for Alaska attorneys, depending on their years of experience and

---

[5] *Id.* at 7–9.
[6] Docket 43.
[7] *Id.* at 1.
[8] *Id.* at 1–2.
[9] *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).
[10] *Id.*
[11] Docket 42 at 4.

the subject matter."[12]  Based on these cases and the Court's familiarity with rates charged in the District of Alaska, the Court finds that $300 per hour is a reasonable hour rate for the partners and associate who billed time on this matter.  The Court also finds that 11 attorney hours is a reasonable number of attorney hours to prepare a short Motion to Compel and Reply in Support of a Motion to Compel.[13]  Plaintiffs do not request an adjustment of the lodestar figure.[14]

### III. CONCLUSION

IT IS HEREBY ORDERED that Defendant shall recover Plaintiffs' counsel $3,300.00 in attorney's fees.  Plaintiffs' counsel shall pay this amount to Defendant within thirty (30) days of this Order.

IT IS SO ORDERED this 28th day of July, 2023, at Anchorage, Alaska.

>  /s/ Joshua M. Kindred  
>  JOSHUA M. KINDRED  
>  United States District Judge

---

[12] *TD Ameritrade, Inc. v. Matthews*, No. 3:16-cv-00136-SLG, 2022 WL 17752138, at *7 (D. Alaska Dec. 19, 2022) (collecting cases).

[13] *Chaudhry*, 751 F.3d at 1110 ("By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.")

[14] Docket 43; *see also G&G Closed Cir. Events, LLC v. Barajas-Quijada*, No. 1:19-cv-1259 AWI JLT, 2020 WL 1640005, at *3 (E.D. Cal. Apr. 2, 2020).